**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAWAN NEAL,

                Petitioner,                Case Number: 2:08-CV-15306

v.                                              HON. MARIANNE O. BATTANI

CINDI CURTIN,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case under 28 U.S.C. § 2254. Dawan Neal ("Petitioner"), is a state inmate who is currently confined at the Newberry Correctional Facility in Newberry, Michigan, where he is serving a sentence of 15 to 30 years' imprisonment for carjacking and armed robbery convictions, and a consecutive sentence of two years' imprisonment for a felony-firearm conviction. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that Petitioner's claims lack merit or are procedurally defaulted. For the reasons which follow, the petition will be denied.

### I. Background

On May 19, 2006, Petitioner pleaded guilty in Wayne County Circuit Court to armed robbery, carjacking, and felony firearm. On June 8, 2006, he was sentenced to 15 to 30 years' imprisonment for the carjacking and armed robbery convictions, to be served concurrently with one another and consecutively to two years' imprisonment for

the felony firearm conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Defendant's plea of guilty was not voluntarily, understandingly, and intelligently made where trial counsel led client to believe that his sentencing guidelines would be lower than they in fact were, therefore he should be able to withdraw his plea.
>
> II. Defendant should be resentenced because he was denied his right to due process of law and his right to effective assistance of counsel at sentencing.

The Michigan Court of Appeals denied leave to appeal. *People v. Neal*, No. 134916 (Mich. Ct. App. Nov. 29, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Neal*, No. 134916 (Mich. Nov. 29, 2007).

Petitioner then filed a motion for relief from judgment in the trial court, raising the following claims: (i) counsel was ineffective in failing to move to suppress his statement; and (ii) counsel was ineffective in failing to object to the trial court's refusal to consider the psychological evaluation report. The trial court denied the motion. *People v. Neal*, No. 06-0479 (Wayne County Cir. Ct. Feb. 7, 2008).

Petitioner filed applications for leave to appeal the trial court's decision in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Neal*, No. 284104 (Mich. Ct. App. July 7, 2008); *People v. Neal*, No. 136993 (Mich. Nov. 25, 2008).

Petitioner then filed the pending habeas corpus petition. He raises the following claims:

I. Petitioner's plea of guilty was not voluntarily, understandingly, and intelligently made where trial counsel led client to believe that his sentencing guidelines would be lower than they in fact were, therefore he should be able to withdraw his plea.

II. Petitioner should be resentenced because he was denied his right to due process of law and his right to effective assistance of counsel at sentencing.

III. Did counsel provide constitutionally ineffective assistance by:

   A. Failing to move to suppress appellant's confession to the police.

   B. Failing to object when sentencing judge refused to consider psychological evaluation report or to have the full report put on the record.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144

3

F.3d 429 (6th Cir. 1998).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case."  *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

4

> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11.

If a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

"Where the state court fails to adjudicate a claim on the merits, however, AEDPA's deferential standard of review does not apply." *Williams v. Anderson*, 460 F.3d 789, 796 (6th Cir. 2006). "If deference to the state court is inapplicable or inappropriate," the court exercises it "independent judgment" and reviews the claim *de novo*. McKenzie v. Smith, 326 F.3d 721, 726-27 (6th Cir. 2003).

## III. Discussion

### A. Voluntariness of Plea

In his first habeas claim, Petitioner argues that his guilty plea was involuntary because it was entered without knowledge of the sentencing guidelines.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

Failure to advise a defendant about the possible sentencing guidelines does not render a plea involuntary so long as the defendant was informed of the maximum possible sentence. "[F]or a defendant's plea of guilty to be voluntary, the defendant must be aware of the maximum sentence that could be imposed." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994); *U.S. v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). There is no constitutional requirement that a defendant be informed of a possible minimum sentence. *Accord Canady v. Warden, Lebanon Correctional Inst.*, 2009 WL 1097536, *7-8 (S.D. Ohio Apr. 22, 2009) (finding plea voluntary and knowing where defendant was informed of the maximum sentence).

6

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

In this case, the plea colloquy shows that Petitioner was informed of the maximum possible sentence he faced. He was also informed of the rights he was waiving by pleading guilty, such as the right to a trial by jury. Petitioner indicated that he understood his rights and was voluntarily waiving them. Additionally, Petitioner stated that no promises had been made to him in exchange for his guilty plea beyond those stated on the record.

Accordingly, the Court finds that Petitioner has not shown that his guilty plea was involuntarily or unknowingly made.

### B. Alleged Ineffective Assistance of Counsel

In his second and third claims for habeas relief, Petitioner argues that his attorney was ineffective. Specifically, Petitioner alleges that counsel was ineffective in: (i) misleading Petitioner into believing he would received a sentence of only six years;

7

(ii) failing to move to suppress his conviction; and (iii) failing to object when the sentencing judge refused to consider the psychological evaluation report.

Respondent argues that the second and third claims of ineffective assistance of counsel are barred from review because they are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of these claims.

Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

The trial court transcript shows that Petitioner was informed of the maximum sentence he faced. At sentencing, Petitioner did not express any concern or surprise when informed of the guidelines. To the extent that his attorney incorrectly informed him or he misunderstood his attorney regarding the sentencing guidelines, Petitioner has not shown a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. The Court finds that Petitioner has failed to show that his attorney was ineffective in this regard.

Second, Petitioner argues that counsel was ineffective in failing to move to suppress his custodial statement.

> Where a petitioner alleges that his attorney improperly failed to file a motion to suppress evidence prior to the guilty plea, he must show that a suppression motion had merit, and that if the motion had been granted, he would not have pled guilty and would have insisted on his right to stand trial. *Hill*, 474 U.S. at 60 (1985).

*Brooks v. Edwards*, 96 F.3d 1448, unpublished, 1996 WL 506505 (6th Cir. June 5, 1996).

In denying Petitioner's motion for relief from judgment, the trial court stated that defense counsel filed a motion to suppress the custodial statement and that a hearing was scheduled on the motion for May 19, 2006. Ultimately, Petitioner pleaded guilty on that date and the hearing, consequently, was not held. Because the factual predicate for this claim is belied by the record, this claim is denied.

Finally, Petitioner alleges that counsel was ineffective in failing to object to the trial court's decision not to consider the psychological report regarding Petitioner. Trial

counsel did object to the scoring of several of the guideline calculations. Counsel successfully argued that the offense variables ten and fourteen should be scored at zero points. Counsel brought to the court's attention Petitioner's remorse. Counsel performed competently, advocating for his client at sentencing. In denying the motion for relief from judgment, the trial court held that the psychological report was properly excluded. Thus, any objection by counsel would have been futile. Moreover, Petitioner has not shown that he was entitled to have this document considered at sentencing. Accordingly, he has not shown that counsel was ineffective.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

DATE: October 29, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, and Counsel for the Respondent.

                                                s/Bernadette M. Thebolt
                                                Case Manager